IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-10082-01-WEB |
| ) | |
| BARRY L. BROWN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report. The court orally denied the objections at the sentencing hearing of January 9, 2006. This written memorandum will supplement the court's oral ruling.

1. *Defendant's first objection* argues that paragraphs 1-17 of the PSR should be deleted because they include a discussion of charges in the indictment on which the jury acquitted him.

The court finds that the objection should be denied. Paragraphs 1-17 merely recount the charges in the Indictment and set forth the circumstances under which the offense charged in Count 2 occurred. The Report makes clear that the defendant was convicted only of Count 2. There is no prejudice to the defendant from including this information in the Report.

2. *Defendant's second objection* is to the criminal history set forth in paragraphs 37, 42, 45, 46, 48, 54-56 of the PSR. Defendant asserts that he "does not recall and therefore objects to the criminal history described in [these] paragraphs...."

The court records obtained by the Probation Office show that the defendant was in fact convicted

in Kansas of the offenses listed in paragraphs 42, 45, 46, and 48. The objection is denied as to these paragraphs.

Paragraphs 54, 55 and 56 are set forth as "Other Arrests" in the Presentence Report. The PSR makes clear that defendant was not convicted on these arrests, and they do not affect the criminal history score. Moreover, they will not be taken into account by the court and will not affect the sentence. Accordingly, the objection is denied as to these paragraphs.

Lastly, with regard to paragraph 37, this conviction appears to be supported by a letter from the Texas probation office, but under the circumstances it makes no difference in the defendant's criminal history score. As such, the court need not resolve defendant's objection concerning this paragraph. *See* Fed.R.Crim.P. 32(h)(i)(3)(B).

*Conclusion*.

The defendant's objections to the Presentence Report are DENIED for the reasons state above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this   9th   Day of January, 2006, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge